UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN LISSETH CASTRO-POROTOCARRERO,<br>Petitioner,<br>v.<br>CHRISTOPHER LAROSE, et al.,<br>Respondents. | Case No. 26-cv-03997-RFL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner filed a petition for writ of habeas corpus seeking immediate release. (Dkt. No. 1 (the "Petition").) As averred in the Petition, and as Respondents do not dispute, Petitioner "fled Nicaragua after suffering threats, based on her political beliefs and activism during the Mother's Day protests of 2018." (*Id.* ¶ 31.) In December 2022, she "arrived at the El Paso, Texas, Port of Entry" and was paroled into the country. (*See id.* ¶ 32.) That parole necessarily reflected a determination that Petitioner posed neither a flight risk nor a danger to the community. *See Chang v. Mullin*, 26-cv-02218-JLS, 2026 WL 1045679, at *2 (S.D. Cal. Apr. 17, 2026). She came to the United States "to seek asylum, withholding of removal, and protection under the Convention Against Torture due to the persecution [she] suffered in Nicaragua," and since arriving, she has submitted an asylum application and obtained employment authorization. (*See* Petition ¶ 32.) Since being paroled into the country, she has regularly attended check-in meetings. (*See id.* ¶ 33.) In November 2024, however, she was injured in a car accident, "which cause[s] her physical and mental pain to this date." (*See id.*) Because of her pain, she missed a check-in meeting on February 2, 2026. (*See id.*) Then, on February 19, 2026, ICE agents arrested her at her home in South Carolina before transferring her to the Otay Mesa Detention Center in San Diego, California. (*See id.*) As of the filing of the Petition, about five months after her arrest, she remains in detention. (*See id.* ¶ 34.) She now seeks her immediate release on the basis that her detention violates the Due Process Clause of the

Fifth Amendment, the Administrative Procedure Act, and the Fourth Amendment.

Petitioner's procedural due process challenge is governed by the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Faizi v. LaRose*, No. 25-cv-02974-JO, 2026 WL 1112035, at *4 (S.D. Cal. Apr. 24, 2026). In responding to the Petition, Respondents argue only that "Petitioner is subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)." (Dkt. No. 4 at 2.) Section 1225(b)(2) authorizes mandatory detention "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted." *See* 8 U.S.C. § 1225(b)(2)(A). This provision does not apply to Petitioner because, at the time of her detention, she "was not at the border or a Port of Entry seeking admission to the United States" and had been living in the country for over three years. *Martinez Zayas v. Gordon*, No. 26-cv-00237-BAS, 2026 WL 266275, at *3 (S.D. Cal. Jan. 30, 2026); *see also Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 936-37 (N.D. Cal. 2025).[1] Thus, the *Mathews* factors weigh in favor of finding that Petitioner's re-detention violated her Fifth Amendment right to procedural due process. *See, e.g.*, *Lozano Castano v. LaRose*, No. 26-cv-01747-RBM, 2026 WL 1194854, at *2-3 (S.D. Cal. May 1, 2026). Respondents acknowledge that previous decisions from other judges of this Court have granted petitions for writ of habeas corpus on similar facts, "and on that basis the government does not oppose the petition and defers to the Court on the appropriate relief." (*See* Dkt. No. 4 at 3.)

Accordingly, the Petition is **GRANTED**. "When a district court grants a writ of habeas corpus it may dispose of the matter as law and justice require. To ensure that Petitioner's release pursuant to the Court's [] order is not rendered meaningless, it is necessary to enjoin the government from simply re-detaining Petitioner in the same manner. As a result, the relief

[1] There is a circuit split on the meaning of "seeking admission" under Section 1225(b)(2), which the Ninth Circuit has not yet addressed, and the undersigned is of the view that "seeking admission" does not refer to individuals like Petitioner who, at the time of their detention, were not arriving and seeking entry to the country and had been living here for years. *See Ibanez Daza v. Albarran*, No. 25-cv-10214-RFL, 2026 WL 1906353, at *2 (N.D. Cal. July 2, 2026).

ordered below falls within the core of habeas." *Alva Alva v. Kaiser*, No. 25-cv-06676-RFL, 2026 WL 1910135, at *2 (N.D. Cal. July 2, 2026) (citations and quotation marks omitted). The Court, therefore, **ORDERS** as follows:

- Respondents shall release Petitioner within **24 hours** of the filing of this Order. The release shall be on the same terms and conditions as Petitioner's initial release in 2022.
- Respondents shall not re-detain Petitioner: (1) without notice and a pre-deprivation hearing before a neutral decisionmaker in which an individualized determination is made that she poses a flight risk or danger to public safety such that she must be detained; or (2) in the absence of a material change in circumstances justifying her detention.

Petitioner also requests an award of attorneys' fees. The Court will consider an application for reasonable fees that is filed within 30 days of the entry of judgment. Accordingly, the request for attorneys' fees is **DENIED WITHOUT PREJUDICE**.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

Dated: July 20, 2026

RITA F. LIN
United States District Judge